Robert HEFNER, Plaintiff,

v.

REPUBLIC INDEMNITY COMPANY OF AMERICA and Mutual Fire Marine and Inland Ins. Co., Defendants.

Civ. A. No. H–89–2399.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 17, 1991.

12

Grant Kaiser, Onstad, Kaiser & Fontaine, Houston, Tex., for plaintiff.

Kenneth R. Abbey, Atty's in charge, Ray L. Wong, Hancock, Rothert & Bunshoft, San Francisco, Cal., Edward G. Murr, Houston, Tex., Clifton T. Hutchinson, Hughes & Luce, Dallas, Tex., for defendants.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

1. *Introduction.*

Robert Hefner seeks to recover as a third-party beneficiary against two insurance companies under policies issued to Byron Lasky. Lasky is a limited partner of a Texas partnership that owns, among other properties, the apartment complex where Hefner was injured. Mutual Fire Marine and Inland Insurance Company, Lasky's primary insurance carrier, is in liquidation and will be dismissed. Hefner will take nothing against Republic Indemnity Company of America, the excess liability carrier, because Hefner is not a third party beneficiary of this policy. The acts giving rise to the judgment obtained by Hefner are not covered under the policy and Republic received late notice of the claim.

2. *Facts.*

Hefner obtained a state court judgment for injuries sustained when two security guards at a Houston apartment complex assaulted him. Hefner sued the Paseo Apartments, Westhill Management, Inc., the apartment management company, and the two apartment security guards, Roy Whittaker and K.T. Hayes. Paseo was later nonsuited. The jury found:

A. Whittaker and Hayes failed to exercise ordinary care in their use of

force against Hefner, causing his injury;

B. Hefner suffered $188,268.00 in actual damages;

C. Whittaker and Hayes acted for the benefit of Westhill Management;

D. Westhill ratified the acts of the security guards;

E. Whittaker and Hayes acted in reckless disregard of Hefner's rights; and

F. Hefner was entitled to $500,000.00 in punitive damages.

*Westhill Management, Inc. v. Hefner,* No. 87–617 (Tex.App.—Houston [1st Dist] 1988) (1988 WL46399).

The apartment complex is owned by a Texas limited partnership. Lasky is a limited partner. Hefner now sues two insurance companies that issued liability policies to Lasky as a limited partner. Paseo Apartments is one of the properties covered under the policies. The primary insurance carrier is in liquidation and will be dismissed.

3. *Choice of Law.*

■ The Republic policy does not specify which state's law to apply. Hefner is a resident of Texas, and Republic is a California company. In diversity cases, the choice-of-law issue is governed by the rules of the forum state. *Klaxon v. Stentor Electric Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). No Texas statute is dispositive of the choice of law issue.

Hefner argues that a Texas insurance statute is applicable:

Any contract of insurance payable to any citizen ... of this State by any insurance company ... doing business within this State shall be held to be a contract made ... by virtue of the law of this State relating to insurance.

Tex.Ins.Code art. 21.42 (1981). This court disagrees. For the statute to apply, the insurance proceeds must be payable to a Texas citizen, the policy must be issued by a company doing business in Texas, and the policy must arise in the course of the insurance company's Texas business. *See Howell v. Am. Line Stock Ins. Co.,* 483 F.2d 1354 (5th Cir.1973); *General American Life Ins. Co. v. Rodriguez,* 641 S.W.2d 264, 267 (Tex.App.—Houston [14th Dist.] 1982, no writ). The Republic insurance contract was made and signed in California and is payable to Lasky, a California resident. Republic is not doing business within Texas, and this contract does not arise in the course of in-state business.

■ Because no Texas statute is applicable, Texas law is applied. Texas has adopted the most significant relation test. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984). In determining the relative interests of each state, the court must evaluate where (1) the contract was negotiated; (2) the contract was signed; (3) the contract was to be performed; (4) the subject matter of the contract was located; and (5) the domicile, residence, incorporation, and the business of the parties.

■ California has multiple connections with this contract. The Republic contract was negotiated and signed in California. Republic is a California insurance company that, under the terms of the contract, is to perform in California. Republic's principal place of business is in California, and the policy was issued, requested, and financed by California companies. The premiums were paid in California by a Californian.

Lasky sought insurance coverage to protect himself from liability. If Lasky were held to have a significant relationship with each state in which insured properties are located, he would potentially be subject to twenty different state laws. By analogy, the owner of a fleet of ships would potentially be liable throughout every port city in the United States.

Texas has only two connections with this contract. The property where Hefner was hurt is in Texas, and Hefner is a Texas resident. California has a more significant relationship and a greater interest in having its law applied than Texas; California law will be applied.

### 4. *Third–Party Beneficiary.*

Hefner seeks to recover the state court judgment against Westhill Management as a third-party beneficiary of Republic's contract with Lasky. Under California law, Hefner can recover as a third-party beneficiary only if a judgment has been attained against the named insured. *Fortman v. Safeco Ins. Co. of America,* 221 Cal.App.3d 1394, 271 Cal.Rptr. 117 (1990). Lasky was never a defendant in the original state court proceeding. Paseo, a property covered under the Lasky's policy, was initially a defendant, but was later dismissed. Westhill Management is not a named insured on the Republic policy. Hefner may not recover under the policy. Even under Texas law, Hefner may not recover as a third-party beneficiary to the policy unless the insured's obligation has been established by a judgment. *Great Am. Ins. Co. v. Murray,* 437 S.W.2d 264, 265 (Tex.1969).

### 5. *Injury not Insured.*

Even if the court assumes that Westhill Management were a named insured, the type of injury sustained by Hefner is not covered under the policy. The Republic policy covers only injury caused by an "occurrence." Occurrence is defined as an accident or event that is not expected or intended. Hefner's injuries were caused by intentional acts of the security guards; Whittaker slapped Hefner on the face and Hayes fractured Hefner's skull with a flashlight. In the state court proceeding, Whittaker and Hayes admitted intentionally striking Hefner. Because the harm was intentional, Hefner's injuries are not covered under the Republic policy.

Insurance contracts under California law are held to protect insurers from "willful acts of the insured". Cal.Ins.Code § 533 (West 1985); *U.S. Fid. & Guar. Co. v. American Employer's Ins. Co.,* 159 Cal. App.3d 277, 205 Cal.Rptr. 460 (1984); *Clemmer v. Hartford Ins. Co.,* 22 Cal.3d 865, 880, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978). Behavior is "willful" when the wrongful act is inherently harmful. The insured's subjective intent to harm and the jury's original finding are not considered. Whittaker and Hayes' wrongful acts were inherently harmful.

The jury in the state court suit found that the guards were negligent and failed to exercise ordinary care in their use of force against Hefner. Hefner argues that this finding binds Republic and precludes Republic from arguing that the acts were intentional. Republic, however, was not a party nor in privity to a party in that suit. Republic is not bound by the jury's finding of negligence.

The doctrine of collateral estoppel does preclude Hefner from now arguing that the guards used reasonable force. In the earlier proceeding the issue of reasonable force was fully litigated and was essential to the resulting judgment for Hefner. *See Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202 (5th Cir.1981).

### 6. *Late Notice.*

If Hefner had been a beneficiary, he waived recovery by failing to give notice as directed by the terms of the policy. The policy requires the insured to give Republic or its authorized agents notice of an occurrence which may give rise to a claim "as soon as practically possible." The policy also says that if a suit is brought against the insured, the insured "shall immediately forward to [Republic] every demand, notice summons, or other process received." The insured is then required to assist Republic in making settlement claims.

Hefner was injured on March 29, 1984. He notified the sales agent, Stone, Harris & Stone of the suit on October 21, 1985, eighteen months later. An agent for the sale of a policy is not an agent for claims. Hefner should have notified Republic or its claims agent. The jury returned its verdict in Hefner's favor on April 10, 1987. Republic received notice of Hefner's claim on April 15, 1987, five days after the jury's verdict, six days before the entry of judgment, and three years after the injury.

Under California law if notice is late, Republic must establish that the late notice actually and substantially prejudiced

its rights. *Campbell v. Allstate Ins. Co.*, 60 Cal.2d 303, 32 Cal.Rptr. 827, 384 P.2d 155 (1963). Although the issue of prejudice is typically one of fact, the pleadings indicate that actual and substantial prejudice is established. *Allstate Ins. Co. v. King*, 252 Cal.App.2d 698, 706–707, 60 Cal.Rptr. 892 (1967). The parties do not dispute that before the trial Hefner offered to settle this matter for an amount that was well within the primary carrier's policy limits. Republic's lost opportunity to participate in the underlying settlement negotiations constitutes actual and substantial prejudice. *Northwestern Title Security Co. v. Flack*, 6 Cal.App.3d 134, 85 Cal.Rptr. 693, 698 (1970).

### 7. *Conclusion.*

Hefner is not a third-party beneficiary of the Republic excess liability policy. Even if he were, he was injured by the intentional acts of two security guards, and intentional acts are not covered under the policy. Finally, Hefner's late notice to Republic prejudiced its rights and bars recovery by Hefner. Republic's motion for summary judgment will be granted.