USF INSURANCE COMPANY
Plaintiff,

v.

MR. DOLLAR, INC., Defendant.

No. Civ.A. 00–5055.

United States District Court,
E.D. Pennsylvania.

Sept. 20, 2001.

Christine G. Boyle, Kevin M. Gormly, Marks, O'Neill, Reilly, O'Brien & Courtney, PC, Philadelphia, PA, for Plaintiff.

Steven L. Smith, Georgia A. Stanaitis, Philadelphia, PA, for Defendant.

*MEMORANDUM*

KELLY, District Judge.

Presently before this Court is the Motion for Summary Judgment filed by the Defendant, Mr. Dollar, Inc. ("Mr.Dollar") on Plaintiff's, USF insurance Company ("USF"), Complaint and on Mr. Dollar's Counterclaims. USF filed the underlying declaratory action asking this Court to declare, inter alia, that the maximum coverage afforded to Mr. Dollar under its USF insurance policy is $50,000 for fire damage caused by Mr. Dollar. In Mr. Dollar's Answer and Counterclaims, it argues that USF breached and repudiated the insurance policy by failing to pay the total fire damages which were determined to be $366,877.90. For the reasons that follow, the Motion is granted in part and denied in part. Specifically, summary judgment is granted in favor of Mr. Dollar and against USF on USF's Complaint, and summary judgment is denied on Mr. Dollar's Counterclaims because there is a genuine issue of material fact regarding the issue of the amount of damages owed by USF.

## I. BACKGROUND

On November 19, 1998, USF issued a Commercial General Liability policy, number MS00538, ("the CGL Policy") to Mr. Dollar with effective dates of November 19, 1998 to November 19, 1999. During this time period, Mr. Dollar leased a retail store from Choong Kug Yoo ("Yoo"). The store was one retail unit of several in the building owned by Yoo. Yoo's building was insured by Transportation Insurance Company ("Transportation" and the "Transportation Policy"). On August 15, 1999, a fire occurred in the store leased by Mr. Dollar resulting in damages to the store and to the remainder of Yoo's building. USF determined that its liability under the CGL Policy was limited to $50,000 under the Fire Damage Limit in the CGL Policy.

On February 22, 2000, Transportation, as subrogee of Yoo, instituted an action against Mr. Dollar alleging that the fire was caused by the careless disposal of a cigarette by Mr. Dollar's president ("the Transportation Litigation"). The Transportation Litigation was settled and a Stipulation and Entry of Judgment was entered on January 5, 2001 in favor of Transportation and against Mr. Dollar in the amount of $366,877.90. Furthermore, Mr. Dollar assigned its rights under the CGL Policy to Transportation. Specifically, the Stipulation and Entry of Judgment stated that:

> the parties understand and agree that pursuant to the Settlement Agreement and Assignment, Mr. Dollar remains legally obligated to pay Transportation damages in the amount of $336,877.90. Notwithstanding the foregoing, plaintiff Transportation Insurance Company agrees that it will not commence execution and/or garnishment proceedings to recover the amount of such judgment against any assets of Mr. Dollar except such rights that it may have for insurance coverage, including but not limited to such rights that arise under and pursuant to the USF Insurance Company policy number MS00538.
>
> In the event that Mr. Dollar, Inc. does not fully cooperate as is required in [the Settlement Agreement and Assignment], Transportation is authorized to commence execution and/or garnishment proceedings on the aforesaid Judgment by Consent against any and all assets of Mr. Dollar, Inc. without the aforesaid limitation.

(Mot. for Summ. J., Ex. A).

On October 5, 2000, USF filed the present declaratory action asking this Court to declare that: (1) the CGL Policy included a Fire Damage Limit of $50,000; (2) the Fire Damage Limit was in full force and effect at the time of the fire; and (3) the $50,000 Fire Damage Limit is the maximum coverage afforded to Mr. Dollar under the CGL Policy.[1] On January 17, 2001, Mr. Dollar filed its Counterclaims, along with its Answer and Affirmative Defenses, in which it alleged that USF breached and repudiated the CGL Policy by refusing to pay the total amount of $366,877.90 owed by Mr. Dollar to Transportation under the Stipulation and Entry of Judgment. On January 30, 2001, Mr. Dollar filed the present Motion for Summary Judgment asking this Court to grant summary judgment in Mr. Dollar's favor on USF's Complaint and on Mr. Dollar's Counterclaims. On January 31, 2001, USF filed an Answer to Mr. Dollar's Affirmative Defenses and Counterclaims.

## II. STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is material only if it might affect the outcome of the suit under governing law. *Id* . at 248, 106 S.Ct. 2505. To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather that party must go

---

1. Only the third issue is relevant since neither party disputes the first two issues.

beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 83 (3d Cir.1987).

### III. *ANALYSIS*

USF seeks a declaration that Fire Damage Limit in the CGL Policy limits its liability to $50,000. Mr. Dollar claims that summary judgment should be granted in its favor because, by the terms of the CGL Policy, the $50,000 Fire Damage Limit only applies to the damage done to the store leased by Mr. Dollar and does not apply to the damage done to the remainder of Yoo's building. Mr. Dollar alleges that the CGL Policy's $1,000,000 Each Occurrence Limit is the applicable cap for all of the damages.

The relevant portion of the CGL Policy states that, "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damages' to which this insurance applies." (Mot for Summ. J., Ex. C, at 1). Therefore, the CGL Policy generally covers Mr. Dollar for all property damage for which it becomes liable. (*Id.*). However, if the store leased by Mr. Dollar is damaged, the CGL Policy will only cover that damage if it was caused by fire, and then only up to the amount listed in the Fire Damage Limit. (*Id.* at 3). The CGL Policy further provides for a $1,000,000 Each Occurrence Limit and a $50,000 Fire Damage Limit. (*Id.,* Ex. D). The Each Occurrence Limit specifies that for each occurrence of an incident, USF will not pay more than one million dollars. (*Id.,* Ex. C, at 7). The Fire Damage Limit clause states that "[s]ubject to [the Each Occurrence Limit], the Fire Damage Limit is the most we will pay ... for damages because of the 'property damage' *to the premises, while rented by you* ... arising out of any one fire." (*Id.*) (emphasis added).

Under Pennsylvania law, "[w]here a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 735 A.2d 100, 106 (1999). Mr. Dollar argues that the correct interpretation of the CGL Policy is that the $50,000 Fire Damage Limit only limits USF's liability for fire damage to the premises leased by Mr. Dollar and does not limit liability for fire damage to other property. Therefore, USF's total liability is not limited to $50,000 because other portions of Yoo's building were damaged. Moreover, Mr. Dollar argues that the $1,000,000 Each Occurrence Limit is the correct cap for all of the fire damage and that the $50,000 Fire Damage Limit only caps the amount attributable to the damage done to Mr. Dollar's leasehold and not to the damage done to the rest of Yoo's building. Because the $336,877.90 judgment in the Transportation Litigation falls within the $1,000,000 Each Occurrence Limit, Mr. Dollar argues that USF is required to indemnify Mr. Dollar for the full amount of the judgment. This Court agrees with Mr. Dollar's general interpretation of the CGL Policy language. However, there is a genuine issue of material fact regarding the exact amount that USF is liable for, and thus summary judgment in favor of Mr. Dollar on its Counterclaims is inappropriate.

In its Response to the Motion for Summary Judgment, USF does not dispute

Mr. Dollar's interpretation of the above policy language concerning the effect of, and interplay between, the Fire Damage Limit and the Each Occurrence Limit. Instead, USF raises four arguments claiming that it either is not obligated to pay the judgment amount or that the amount should be reduced.[2] Specifically, USF argues that: (1) Mr. Dollar is not legally obligated to pay the $336,877.90 judgment, and therefore, under the terms of the CGL Policy, USF is also not obligated to pay the judgment amount; (2) if Mr. Dollar is legally obligated to pay the judgment amount, then it is not a legal obligation to which the CGL Policy applies; (3) if the CGL Policy does apply, then the policy is excess insurance and thus limited to $50,000 coverage; or (4) if USF is liable for more than $50,000, then it is not responsible for the entire $336,877.90 because the Fire Damage Limit of $50,000 still acts to limit liability for damage done to the leased store. Because USF does not dispute Mr. Dollar's interpretation of the Fire Damage Limit and the Each Occurrence Limit and because the first three of USF's arguments in its Response to the Motion for Summary Judgment are invalid, summary judgment in favor of Mr. Dollar on USF's Complaint is appropriate as the $50,000 Fire Damage Limit is not the maximum coverage afforded to Mr. Dollar under the CGL Policy.

### A. USF Is Legally Obligated to Pay

USF first argues that under the terms of the Stipulation and Entry of Judgment in the Transportation Litigation, Mr. Dollar is not legally obligated to pay the $336,877.90 judgment.[3] USF states that "[b]y the terms of said Stipulation, Trans-

portation agreed not [sic] commence execution and/or garnishment proceedings against Mr. Dollar...." Any obligation which exists is fictitious in nature and created for the sole purpose of allowing Transportation to litigate the coverage issues subject to the Declaratory Judgment Action. (Pl.'s Resp. to Mot. for Summ. J., 5). Therefore, USF argues that since the CGL policy states that, "[w]e will pay those sums that the *insured becomes legally obligated to pay* as damages" (Mot for Summ. J., Ex. C, at 1)(emphasis added), and since Mr. Dollar is not actually legally obligated to pay the judgment amount, then USF is also not obligated to pay the judgment amount.

■ However, USF's interpretation is faulty in that the Stipulation and Entry of Judgment clearly states that "Mr. Dollar remains legally obligated to pay Transportation damages in the amount of $336,877.90." (*Id.*, Ex. A). Furthermore, the Stipulation and Entry of Judgment also explains that although Transportation will not immediately act against Mr. Dollar and will attempt to collect the judgment amount from USF, if Mr. Dollar does not cooperate, then Transportation may act against Mr. Dollar. (*Id.*). Therefore, Mr. Dollar, by the clear terms of the Stipulation and Entry of Judgment, remains ultimately liable for, and legally obligated to pay, the judgment amount, and thus, USF is also obligated to pay.

### B. Mr. Dollar's Legal Obligation Is One to Which the CGL Policy Applies

USF next argues that, if Mr. Dollar is legally obligated to pay the judgment

---

2. Mr. Dollar argues that these four arguments should be stricken because they are not framed by USF's initial Complaint in the declaratory action. However, the arguments are responsive to Mr. Dollar's Counterclaims which are at issue in this Motion for Summary Judgment.

3. See the Facts section above for the language of the Stipulation and Entry of Judgment.

amount, then the judgment amount is not one to which the CGL Policy applies. The CGL Policy includes an exclusion to coverage entitled the Contractual Liability Exclusion. Under the Contractual Liability Exclusion, the CGL Policy does not apply to "'property damage' for which the insured is obligated to pay damages by reason of the assumption of the liability in a contract or agreement." (*Id.*, Ex. C, at 1). USF contends that the settlement agreement between Transportation and Mr. Dollar, and the subsequent Stipulation and Entry of Judgment, are contracts in which Mr. Dollar assumed liability for damages, and thus the Contractual Liability Exclusion bars coverage. However, there is also an exception to the Contractual Liability Exclusion, which states that "[t]his exclusion does not apply to liability for damages ... that the insured would have in the absence of the contract or agreement." (*Id.*).

Mr. Dollar argues that the Contractual Liability Exclusion only applies when the assumption of liability occurs before the "occurrence." Essentially, the "occurrence" must flow from the assumption of liability. In this case, Mr. Dollar did not contractually assume any liability that eventually prompted a claim on the CGL Policy. Here, the contract at issue only came about after Mr. Dollar had made a claim on the CGL Policy.

■ Mr. Dollar also argues that the exception to the Contractual Liability Exclusion applies, and thus the CGL Policy is applicable to this situation. Mr. Dollar postulates that it would have been liable for the damage in the absence of the contract because Mr. Dollar had already caused the fire in the leased store. Mr. Dollar's liability did not stem from the Stipulation and Entry of Judgment but from the fire. *Daily Exp., Inc. v. N. Neck Transfer Corp.*, 490 F.Supp. 1304, 1308 (M.D.Pa., 1980) (stating that "where the

express contract actually adds nothing to the insured's liability, the contractual liability exclusion clause is not applicable, but where the insured's liability would not exist except for the express contract, the contractual liability clause relieves the insurer of liability."). This is also not a case where Mr. Dollar of a third party and is attempting to force USF to cover that liability under the CGL Policy. In *Insurance Co. of North America v. McCarthy Bros. Co.*, 123 F.Supp.2d 373 (S.D.Tex. 2000), the Defendant argued that the exact same exclusion language did not exclude coverage based upon an obligation accepted by the insured related to its own negligent conduct. *Id.* at 377. The court agreed with this interpretation and stated that "the exclusion at issue merely 'operates to deny coverage when the insured assumes responsibility for the conduct of a third party.'" *Id.* at 377–78 (quoting *Federated Mut. Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720 (5th Cir.1999)). For the forgoing reasons, USF's argument fails, and the Contractual Liability Exclusion is inapplicable in this case.

### C. The CGL Policy Is Not Excess Insurance

■ The Excess Insurance Clause of the CGL Policy states that:

[i]f other valid and collectible insurance is available to the insured for a loss we cover ... our obligations are limited as follows:

b. Excess Insurance

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(2) That is Fire insurance for your premises rented to you or temporarily occupied by you with permission of the owner.

(Mot. Summ. J., Ex. C, at 7). USF claims that Yoo is an insured under the CGL Policy because in an endorsement to the CGL Policy, Yoo is named as an additional insured "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you." (Def.'s Reply to Mot. for Summ. J., Ex. C). Furthermore, USF argues that, because Yoo is an insured under the CGL Policy, his Transportation Policy is primary insurance and the CGL Policy is excess insurance. Therefore, USF opines that under the terms of the Excess Insurance Clause, if USF is liable for any coverage, it is only liable for damages in excess of the policy limits of the Transportation Policy. However, as Mr. Dollar states, Yoo is only an insured in the limited circumstance where he is sued for liability arising out of his ownership, maintenance, or use of Mr. Dollar's leasehold. Yoo has not been sued for liability in this case. Therefore, under the terms of the CGL Policy, Yoo is not "the insured" referenced in the Excess Insurance Clause, his Transportation Policy is not primary insurance which renders the CGL Policy excess insurance, and USF's argument fails.

## D. The Fire Damage Limit Is Applicable

Lastly, USF states that if the CGL Policy is fully applicable, it is not responsible for the entire $366,877.90 judgment. USF argues that the $366,877.90 judgment represents the entire amount that Mr. Dollar is obligated to pay to Transportation as subrogee of Yoo. The judgment amount presumably includes compensation for both damage to the store leased by Mr. Dollar as well as damage to the rest of Yoo's building.[4] Therefore, the full judgment amount should be divided into the amount representing the damage to the store and the amount representing the damage to the rest of Yoo's building. Then, the amount representing the damage to the store should be limited by the $50,000 Fire Damage Limit damage cap. Lastly, both the amount for the damages to the store, as capped by the Fire Damage Limit, and the amount for damages to the rest of Yoo's building must be added back together to determine USF's total liability.[5]

This construction is consistent with Mr. Dollar's construction of the Fire Damage Limit and Each Occurrence Limit. Under the Stipulation and Entry of Judgment, Mr. Dollar is responsible for the $366,877.90 damages. However, under the CGL Policy, USF is liable for $1,000,000 per occurrence but only liable for up to $50,000 worth of fire damage to the store leased by Mr. Dollar. Therefore, USF is liable for the amount representing damage to the remainder of Yoo's building plus the amount representing damage to the store subject to the $50,000 Fire Damage Limit.[6] For this reason, summary judgment can-

---

4. Because Mr. Dollar has not indicated otherwise, we will assume that the $366,877.90 judgment does in fact represent all of the damages to the entire property including Mr. Dollar's leasehold, and does not take into account the $50,000 Fire Damage Limit that Mr. Dollar's leasehold is subject to under the CGL Policy.

5. All of the damage is limited by the $1,000,000 Each Occurrence Limit. However, because the amount at issue is under this limit, its role is not essential.

6. As an example, assume that the $366,877.90 judgment was divided, and the damage done to Mr. Dollar's leasehold was $166,877.90 and the damage done to the rest of Yoo's building was $200,000. USF would only be liable for $50,000 of the $166,877.90 worth of damage to the store because of the Fire Damage Limit. However, USF would also be liable for the full $200,000 worth of damage to the rest of the building, making USF's total liability $250,000. $250,000 is under the $1,000,000 Each Occurrence Limit and thus is not limited by it.

not be granted in Mr. Dollar's favor on its Counterclaims which allege that USF is responsible for the entire judgment of $366,877.90.

## VI. *CONCLUSION*

First, summary judgment on USF's Complaint is granted in favor of Mr. Dollar because the $50,000 Fire Damage Limit is not the maximum coverage afforded to Mr. Dollar under the CGL Policy as there was damage both to Mr. Dollar's leasehold and to other parts of Yoo's building. Second, Mr. Dollar is ultimately liable for, and legally obligated to pay, the judgment amount, and thus, USF is also obligated to pay the judgment amount. Third, the CGL Policy applies to this situation because the Contractual Liability Exclusion does not bar USF's liability. Fourth, the CGL Policy is primary insurance and is not excess insurance and therefore, USF's liability is not limited to $50,000. Lastly, however, summary judgment on Mr. Dollar's Counterclaims is denied because USF is not liable for the all of the damages to all of the property. Instead USF is liable for the amount representing the damage to the remainder of Yoo's building and the amount representing damage to the store, subject to the $50,000 Fire Damage Limit.

An appropriate Order follows.

### *ORDER*

AND NOW, this 20th day of September, 2001, upon consideration of the Motion for Summary Judgment filed by Mr. Dollar, Inc. (Dkt. No. 10), and any Responses and Replies thereto, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part. It is hereby further ORDERED that:

1. summary judgment is GRANTED in favor of Mr. Dollar and against USF on all Counts of USF's Complaint; and

2. summary judgment is DENIED on Mr. Dollar's Counterclaims.